NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 14, 2018
Decided June 14, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1457

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 15 CR 50002-1 |
| STEPHEN T. ANGERMAN, *Defendant-Appellant*. | Frederick J. Kapala, *Judge*. |

**O R D E R**

Stephen Angerman pleaded guilty to bank fraud, money laundering, and testifying falsely in a bankruptcy proceeding, see 18 U.S.C. §§ 1344, 1956(a)(1)(B)(i), 152(2), and was sentenced to 26 months' imprisonment and ordered to pay $582,513.35 in restitution to the banks he defrauded. Angerman filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Angerman did not respond to counsel's motion. Because counsel's analysis appears to be thorough, we limit our review to the subjects she discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

In her *Anders* submission, counsel informs us that Angerman does not wish to withdraw his guilty plea, and thus she appropriately refrains from discussing the adequacy of the plea colloquy or the voluntariness of the plea. *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Angerman has informed counsel that he wants to challenge only the order of $393,611.47 in restitution to one of the four banks, Alliant Credit Union, for an unpaid mortgage. Counsel explains that Angerman could challenge that calculation in three ways. First, Angerman could argue, as he did in the district court, that he should have received credit for two payments he allegedly made to the bank. But counsel correctly rejects that argument because Angerman acknowledged that the payments do not appear on the loan statement, and there is no evidence that his payments went toward the principal due on the mortgage.

Second, counsel considers whether Angerman could contest the district court's calculation of the mortgage property's value. The district judge deducted the foreclosure sale price from the amount owed on the mortgage, but Angerman could argue that the judge should have deducted the property's fair market value instead. The argument, however, would be frivolous because the Mandatory Victims Restitution Act of 1996 requires offenders to pay the value of the property less "the value (as of the date the property is returned) of any part of the property that is returned," 18 U.S.C. § 3663A(b)(1)(B)(ii), and it is undisputed that the property's value is measured "by the amount of money the victim received in *selling* the collateral." *Robers v. United States*, 134 S. Ct. 1854, 1856 (2014) (emphasis added).

Finally, counsel evaluates whether Angerman could argue that the restitution order should have excluded the $212,500 in expenses that Alliant paid to a third party to vacate a tax deed on the property. The district judge included the payment in the restitution award because it was the "actual cost" incurred by Alliant to obtain clear title. Counsel properly concludes that any challenge to the restitution amount would be frivolous because damages to the property are losses recoverable under the MVRA, see *United States v. Scott*, 405 F.3d 615, 619–20 (7th Cir. 2005), and costs incurred to mitigate damage to the property's value—such as paying real estate taxes before a foreclosure sale or paying maintenance and utilities expenses to preserve the collateral—fall within that category. See *United States v. Robers*, 698 F.3d 937, 955 (7th Cir. 2012), *aff'd*, 134 S. Ct. 1854 (2014).

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.